**In re THANE DEVELOPMENT ASSOCIATES L.P., Gardner Apartments Associates L.P., Crawford House Apartments L.P., Debtors.**

**Bankruptcy Nos. 92–13021–WCH to 92–13023–WCH.**

United States Bankruptcy Court, D. Massachusetts.

July 16, 1992.

George P. Field, Boston, Mass., for Mass. Housing Finance Agency.

Mark Lindner, Needham, Mass., for debtors.

### DECISION ON MOTIONS FOR RELIEF FROM STAY

WILLIAM C. HILLMAN, Bankruptcy Judge.

This matter was heard upon motions for relief from stay, or alternatively for dismissal or conversion, filed by the Massachusetts Housing Finance Agency ("MHFA") against Thane Development Associates Limited Partnership ("Thane"), Gardner Apartments Associates Limited Partnership ("Gardner"), and Crawford House Apartments Limited Partnership ("Crawford"). Herbert Long ("Long"), directly or

indirectly a principal of each of the debtors,[1] is also a debtor before this court.[2] The facts relied upon are drawn from the agreed facts in the joint pre-hearing statement and from uncontroverted allegations in pleadings. The discussion which follows constitutes findings of fact and conclusions of law.

On September 25, 1972, MHFA lent $96,-307 to a predecessor of Thane secured by a note and mortgage of certain real estate at 22–24 Thane Street, Roxbury, Massachusetts. Upon acquisition by Thane, the mortgage and note were amended to increase the principal amount to $225,246.

Gardner's property at 270 Roxbury Street is the subject of a note and mortgage to MHFA granted on June 6, 1975, in the original principal amount of $1,363,927, subsequently amended to $1,416,200.

The Crawford note and mortgage were dated November 1, 1971, and indicate an original amount of $141,251, subsequently increased to $158,251.

All of the projects are low-income housing developments.

On April 19, 1990, Gardner and Crawford were given their first notices of default with regard to their mortgages.[3] The defaults were not cured within the 30–day period permitted by the loan documents.

On November 29, 1990, Thane received its default notice.

January 17, 1991, was the date upon which MHFA became mortgagee-in-possession. Foreclosure proceedings were commenced against the properties but delayed during negotiations.

The negotiations broke down and foreclosure sales were scheduled for and held on March 27, 1992. On that same date, the original petitions for relief in these cases were filed. Debtors allege that the downtown Boston office of MHFA was notified of the filings at 8:35 a.m. on March 27, and MHFA in argument alleges only that the notice, if in fact given, did not reach its personnel conducting the sales prior thereto.

■ Assuming, arguendo, that the petitions were filed prior to the time that the foreclosures were held on March 27th, the automatic stay of 11 U.S.C. § 362 was in effect. There is no requirement that the party stayed be notified of or even aware of the filing.

■ The Court does not agree with MHFA that its actions, as a foreclosing mortgagee, are exempt from the stay by virtue of § 362(b)(4).[4] When a governmental unit acts as a lender, it is not exercising police or regulatory powers.

In order to fall within the exception, the primary purpose of the state proceeding must be the conservation of the public safety, health, or welfare. The exemption will not lie if the objective of a given state law is the solvency of the public fisc or, put another way, the protection of a state's pecuniary interest in property.

*In re Hoffman,* 65 B.R. 985, 988 (D.R.I. 1983).

If the stay is in effect, MHFA asks the Court for relief from stay under § 362(d)(1) and (d)(2) to enable it to proceed with its enforcement actions. Alternatively, it seeks dismissal of the case or conversion to Chapter 7.

The latter arguments will be addressed first.

---

1. Long is president of Commonwealth Real Estate Investment Corporation, the general partner of Thane; one of three general partners of Gardner; and president, treasurer and sole director of Pyramid Development Corporation ("Pyramid"), the general partner of Crawford. Pyramid was the manager of all three properties.

2. *In re Herbert L. Long,* Chapter 11 No. 91–15301.

3. An additional notice alleging additional defaults was directed to all three debtors on July 16, 1991.

4. "The filing of a petition ... does not operate as a stay—

(4) ... of the commencement or continuation of an action or proceeding by a *governmental unit* to enforce such governmental unit's *police or regulatory power.*" 11 U.S.C. § 362(b)(4).

This Court has previously held that an original petition under the Bankruptcy Code must be filed in good faith. *In re Harvey Road Assoc. VIII*, 140 B.R. 302, 22 B.C.D. 1507 (Bankr.D.Mass.1992). It has, however, repeatedly ruled from the bench that the mere filing of a petition on the eve of foreclosure, even with the stated intention of obtaining the automatic stay, is not, in and of itself, sufficient demonstration of bad faith in filing.

It is traditional in this district to test bad faith against the 14 factors listed by Judge Gabriel in *In re Village Green Realty Trust*, 113 B.R. 105, 115 (Bankr.D.Mass. 1990). Of those factors, applicable to the present case are:

1. *Few or no unsecured creditors.* The debtors' schedules list three unsecured creditors, Boston Edison Company, Long, and Pyramid Fuel Co. It is stipulated that the latter two are insiders within the definition of 11 U.S.C. § 101(31)(C) and (E).

2. *There has been a previous bankruptcy petition.* It is agreed that petitions were filed at the time of a previous threatened foreclosure.

3. *The pre-petition conduct of the debtor has been improper.* MHFA has alleged such conduct on the part of Pyramid and Long, and there has been no denial of those allegations.

5. *There are few debts to non-moving creditors.* See # 1.

6. *The petition was filed on the eve of foreclosure.* (Actually later than that).

7. *The foreclosed property is the sole or major asset of the debtor.*

8. *The debtor has no ongoing business or employees.* MHFA has operated the properties as mortgagee-in-possession since January 17, 1991, and there is no evidence of any other businesses being operated by the debtors.

11. *There was no pressure from non-moving creditors.*

12. *Reorganization essentially involves the resolution of a two party dispute.* See # 1

14. *The debtor filed solely to create the automatic stay.*

The Court finds that touching 10 of the 14 bases is adequate to demonstrate that these instant petitions were filed in bad faith.

Having reached that conclusion, it is not necessary to address the other arguments made by MHFA.

The motions are granted, and orders dismissing the petitions as filed in bad faith will be entered in each case.